| | |
|---|---|
| 1 | Jianlin Song (SBN 289226) |
| 2 | Jianlin.Song@wilsonelser.com |
| 3 | Jenny C. Chien (SBN 327918) |
|   | Jianlin.Song@wilsonelser.com |
| 4 | **WILSON, ELSER, MOSKOWITZ,** |
| 5 | **EDELMAN & DICKER LLP** |
|   | 525 Market Street, 17th Floor |
| 6 | San Francisco, California 94105 |
| 7 | Telephone: 415-433-0990 |
|   | Facsimile:  415-434-1370 |
| 8 | |
| 9 | Attorneys for Defendant EXTRA SPACE STORAGE INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | | |
|---|---|---|
| CLAUDIA DIANE WILLIAMS, | | Case No.: |
| Plaintiff, | | **NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT EXTRA SPACE STORAGE INC.** |
| vs. | | |
| EXTRA SPACE STORAGE INC., and DOES 1-20, inclusive, | | [Removal from Superior Court of California, County of Riverside, Case No. CVRI2104462] |
| Defendant. | | |

**TO THE CLERKS OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant EXTRA SPACE STORAGE INC. (hereinafter, "Defendant") hereby removes this civil action (hereinafter, "State Court Action") from the Superior Court of California, County of Riverside, where it is currently pending, to the United States District Court, Central District of California, Eastern Division.

1

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT EXTRA SPACE STORAGE INC.
266200098v.1

**GROUNDS FOR REMOVAL**

1. Defendant's basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a). As will be fully discussed below, the State Court Action is between citizens of different States as defined in 28 U.S.C. § 1332(a)(1), and the amount in controversy is greater than $75,000.

2. Removal to the Central District of California, Eastern Division is proper because this Division includes Riverside County, California, where the State Court Action is currently pending. 28 U.S.C. § 1441(a).

3. Defendant was served with the Summons and Complaint in the State Court Action on January 11, 2022. Therefore, the removal is timely under 28 U.S.C. § 1446 (b), (c).

4. Defendant will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Riverside, and will serve a copy on Plaintiff as required by 28 U.S.C. § 1446(d).

**THE STATE COURT ACTION**

5. On September 30, 2021, Plaintiff Claudia Diane Williams ("Plaintiff") commenced the State Court Action by filing a Summons and a Complaint naming Defendant as the only defendant. The Complaint was assigned a Case No. CVRI2104462.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint filed in the State Court Action is attached hereto as **Exhibit A**. Defendant

2
NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT EXTRA SPACE STORAGE INC.
266200098v.1

has not been served with any other pleadings filed or any orders entered in the State Court Action.

7.	The Complaint alleges that, on or about August 8, 2019, Plaintiff had an trip and fall incident on the subject premises located at 21201 Box Spring Road, Moreno Valley, California 92557, allegedly owned and managed by Defendant. (See **Exhibit A**, pg. 5)

8.	The Complaint further alleges that, as a result of the incident, Plaintiff "received severe injuries to her body and shock and injuries to her nervous system, all of which caused and continue to cause her severe pain and discomfort and Plaintiff is informed and believes, and based upon such information and belief, alleges that she will in the future suffer severe mental, physical and nervous pain and suffering, all to her general damage in a sum according to proof at the time of trial." (See Id.)

9.	The Complaint further alleges that, as a direct and proximate result of the acts and omissions of Defendant, and the injuries resulting therefrom, "Plaintiff necessarily employed physicians and surgeons for medical examinations, treatment, and care for these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in the amounts presently unknown to her." (See Id., pg. 6)

10. The Complaint seeks damages including (1) wage loss, (2) hospital and medical expenses, (3) general damages, (4) loss of earning capacity, and (5) other damages according to proof. (See Id. pg. 4)

11. Defendant has not filed any responsive pleadings in the State Court Action.

## COMPLETE DIVERSITY EXISTS

12. Defendant was incorporated in the State of Maryland, and its principal place of business is in Salt Lake City, Utah.

13. Upon information and belief, Plaintiff resides in the State of California.

14. The citizenship of the Doe defendants, sued under fictitious names, should be disregarded for the purpose of removal. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

15. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY IS GREATER THAN $75,000

16. The amount in controversy is based on the relief a plaintiff *theoretically* could obtain if he or she was successful on all the claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012) (emphasis added).

17. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

18. "[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S. Ct. 586, 82 L. Ed. 845 (1938); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-403 (9th Cir. 1996) (jurisdictional facts stated in plaintiff's state-court complaint control unless plaintiff can prove to a "legal certainty" that his pleading was inaccurate).

19. A "notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (internal citation omitted).

20. A "district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Id.* (internal citation omitted) "The district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction instead of containing plausible allegations of the jurisdictional elements." *Id.* at 1069 (internal citation omitted).

21. While Defendant denies the allegations set forth in the Complaint and maintains that Plaintiff is not entitled to any of the damages she seeks, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on

all claims made in the complaint." *Campbell*, 471 F. App.'x at 648 (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D.Cal. 2002).

22. Based on the injuries Plaintiff alleges in the Complaint and the damages the Complaint seeks, Plaintiff's relief could theoretically amount to greater than $75,000. The amount in controversy requirement is satisfied.

23. Accordingly, Defendant has demonstrated that removal is appropriate.

**RESERVATION OF RIGHTS**

24. In undertaking this analysis, Defendant does not concede the truth of any of the allegations set forth in the Complaint. All paragraphs and provisions contained herein are adversarial in nature, operate under all necessary assumptions and presumptions, and are set forth for the limited purpose of removing said matter to Federal Court.

WHEREFORE, based on the foregoing, Defendant respectfully removes this action from the Superior Court of California, County of Riverside, to the United States District Court in the Central District of California, Eastern Division.

Dated: February 8, 2022

Jianlin Song
Jenny C. Chien
Wilson Elser Moskowitz Edelman
& Dicker LLP
Counsel for Defendant
EXTRA SPACE STORAGE INC.

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Extra Space Storage Inc.;
and DOES 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Claudia Diane Williams, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
9/30/2021
L. Mercado-Burni
Electronically Filed

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER *(Número del Caso):* **CVRI2104462**

Riverside County Superior Court
4050 Main Street
Riverside, California 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Owili K. Eison, Esq. [SBN 271802]
BD&J, P.C., 9701 Wilshire Boulevard, 12th Floor
Beverly Hills, California 90212, (310) 887 - 1818.

DATE: **9/30/2021**                    Clerk, by  *Leticia Mercado*           , Deputy
*(Fecha)*                              *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Williams, Claudia Diane

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Owili K. Eison, Esq. [SBN 271802]<br>Banafsheh Danesh & Javid, P.C.<br>9701 Wilshire Boulevard, 12th Floor<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 887 - 1818   FAX NO. *(Optional)*: (310) 887 - 1880<br>E-MAIL ADDRESS *(Optional)*: oe@bhattorneys.com<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Riverside<br>9/30/2021<br>L. Mercado-Burni<br>**Electronically Filed** |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: Claudia Diane Williams, an individual

DEFENDANT: Extra Space Storage Inc.; and

[X] DOES 1 TO 20, inclusive

**COMPLAINT**—Personal Injury, Property Damage, Wrongful Death
[ ] **AMENDED** *(Number)*:

Type *(check all that apply)*:
[ ] MOTOR VEHICLE    [X] OTHER *(specify)*: Premises Liability
[ ] Property Damage  [ ] Wrongful Death
[X] Personal Injury  [ ] Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:
[ ] **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded  [ ] does not exceed $10,000
                     [ ] exceeds $10,000, but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER: **CVRI2104462**

1. **Plaintiff** *(name or names)*: Claudia Diane Williams, an individual;

   alleges causes of action against **defendant** *(name or names)*: Extra Space Storage Inc.; and DOES 1 to 20, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:   3
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity  *(describe)*:
      (3) [ ] a public entity  *(describe)*:
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other  *(specify)*:
      (5) [ ] other  *(specify)*:

   b. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity  *(describe)*:
      (3) [ ] a public entity  *(describe)*:
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other  *(specify)*:
      (5) [ ] other  *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
CEB® Essential Forms ceb.com

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Williams, Claudia Diane

PLD-PI-001

| SHORT TITLE: Claudia Diane Williams v. Extra Space Storage Inc. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Extra Space Storage Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity   (describe):
      (4) ☐ a public entity   (describe):
      (5) ☐ other   (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity   (describe):
      (4) ☐ a public entity   (describe):
      (5) ☐ other   (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity   (describe):
      (4) ☐ a public entity   (describe):
      (5) ☐ other   (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity   (describe):
      (4) ☐ a public entity   (describe):
      (5) ☐ other   (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1 to 20, inclusive were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1 to 20, inclusive are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: Claudia Diane Williams v. Extra Space Storage Inc. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☒ Premises Liability
    f. ☐ Other *(specify)* :

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☐ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☐ property damage
    f. ☒ loss of earning capacity
    g. ☒ other damage *(specify)* :
       For such other relief that the court finds just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: September 30, 2021

Owili K. Eison, Esq.
(TYPE OR PRINT NAME)

▶ */s/ Owili K. Eison*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

Williams, Claudia Diane

PLD-PI-001(2)

| SHORT TITLE: Claudia Diane Williams v. Extra Space Storage Inc. | CASE NUMBER: |
|---|---|

__First__ **CAUSE OF ACTION- General Negligence**   Page __4__
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Claudia Diane Williams, an individual

alleges that defendant *(name)*: Extra Space Storage Inc.; and

[X] Does __1__ to __20, inclusive__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: August 8, 2019
at *(place)*: 21201 Box Spring Road, Moreno Valley, California 92557

*(description of reasons for liability)* :
On or about August 8, 2019, at the subject location, Defendant Extra Space Storage Inc., and each of its agents and/or employees so negligently owned, controlled, supervised, managed, designed, constructed, maintained and/or operated said premises, so as to cause and/or allow a dangerous condition to exist on the property which caused Plaintiff to sustain severe injuries when she tripped and fell on uneven and/or unsafe pavement at the subject premises, resulting in substantial injuries and damages to Plaintiff.

At all times herein mentioned, Defendant Extra Space Storage Inc., and DOES 1 to 20, inclusive, knew, or in the exercise of reason, should have known of the dangerous condition of the premises, but failed to provide adequate warnings of the conditions or to remedy such conditions when Defendant Extra Space Storage Inc., knew or should have known that this should be done.

At all times herein mentioned, Defendant Extra Space Storage Inc., and DOES 1 to 20, inclusive, failed to have in place adequate and reasonable policies and procedures regarding the control, maintenance, and/or inspection of the premises, and failed to adequately train, supervise, and/or monitor its employees and/or agents.

As a direct and proximate result of the acts and omissions of Defendant Extra Space Storage Inc., and DOES 1 to 20, inclusive, Plaintiff received severe injuries to her body and shock and injuries to her nervous system, all of which caused and continue to cause her severe pain and discomfort and Plaintiff is informed and believes, and based upon such information and belief, alleges that she will in the future suffer severe mental, physical and nervous pain and suffering, all to her general damage in a sum according to proof at the time of trial.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Williams, Claudia Diane

**MC-025**

| SHORT TITLE: Claudia Diane Williams v. Extra Space Storage Inc. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number)* : _____
*(This Attachment may be used with any Judicial Council form.)*

As a direct and proximate result of the acts and omissions of Defendant Extra Space Storage Inc., and DOES 1 to 20, inclusive, and the injuries resulting therefrom, Plaintiff necessarily employed physicians and surgeons for medical examinations, treatment, and care for these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in the amounts presently unknown to her. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of her medical expenses, when ascertained, or to prove that amount at trial.

California Rules of Court, Emergency Rule 9: Tolling statutes of limitations of civil causes of action. (a) Tolling statutes of limitations over 180 days. Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020. (b) Tolling statutes of limitations of 180 days or less. Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020. As such Plaintiff has complied with California Rules of Court, Emergency Rule 9 Tolling of Statutes of Limitations of Civil Causes of Action by timely filing her civil action within the statutory timelines as outlined in California Rules of Court, Emergency Rule 9.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____
*(Add pages as required)*



Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

Williams, Claudia Diane

PLD-PI-001(4)

| SHORT TITLE: Claudia Diane Williams v. Extra Space Storage Inc. | CASE NUMBER: |
|---|---|

__Second__ **CAUSE OF ACTION** - Premises Liability   Page __5__
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1. Plaintiff** *(name)*: Claudia Diane Williams, an individual
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: August 8, 2019   plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury)*:

The incident occurred at an Extra Space Storage Inc., located at 21201 Box Spring Road, Moreno Valley, California 92557. Plaintiff was walking through the facility, when she tripped and fell on uneven and/or unsafe pavement at the subject property, causing her to sustain injuries and damages.

The subject premises was in a dangerous condition of which Defendant Extra Space Storage Inc., knew or should have known. Defendant Extra Space Storage Inc., and DOES 1 to 20, inclusive, and each of them, negligently created the dangerous condition and/or failed to adequately inspect, maintain and/or control the premises.

**Prem.L-2.** [X] **Count One–Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
Extra Space Storage Inc.; and

[X] Does __1__ to __20, inclusive__

**Prem.L-3.** [ ] **Count Two–Willful Failure to Warn** [Civil Code section 846]  The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

[ ] Does _____ to _____
Plaintiff, a recreational user, was [ ] an invited guest  [ ] a paying guest.

**Prem.L-4.** [ ] **Count Three–Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:

[ ] Does _____ to _____
a. [ ] The defendant public entity had  [ ] actual  [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

**Prem.L-5. a.** [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:
Extra Space Storage Inc.; and

[X] Does __1__ to __20, inclusive__
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b  [ ] as follows *(names)*:

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION - Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Williams, Claudia Diane

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Owili K. Eison, Esq. [SBN 271802] <br> BD&J, P.C. <br> 9701 Wilshire Boulevard, 12th Floor <br> Beverly Hills, California 90212 <br> TELEPHONE NO.: (310) 887-1818   FAX NO.: (310) 887-1880 <br> E-MAIL ADDRESS: oe@bhattorneys.com <br> ATTORNEY FOR: Plaintiff | FOR COURT USE ONLY <br><br> **FILED** <br> Superior Court of California <br> County of Riverside <br><br> 9/30/2021 <br> L. Mercado-Burni <br><br> Electronically Filed |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: Claudia Diane Williams v. Extra Space Storage Inc.

| CIVIL CASE COVER SHEET <br> [X] Unlimited   [ ] Limited <br> (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation <br> [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: **CVRI2104462** <br> JUDGE: <br> DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: (1) General Negligence (2) Premises Liability
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 30, 2021

Owili K. Eison, Esq.                                          ▶   /s/ Owili K. Eison
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]   CEB Essential Forms   ceb.com
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Williams, Claudia Diane

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Owili K. Eison, Esq. [SBN 271802]
Banafsheh Danesh & Javid, P.C.
9701 Wilshire Boulevard, 12th Floor
Beverly Hills, California 90212
TELEPHONE NO: (310) 887 - 1818   FAX NO. (Optional): (310) 887 - 1880
E-MAIL ADDRESS (Optional): oe@bhattorneys.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside
9/30/2021
L. Mercado-Burni
Electronically Filed

PLAINTIFF/PETITIONER: Claudia Diane Williams, an individual

DEFENDANT/RESPONDENT: Extra Space Storage Inc.

CASE NUMBER: **CVRI2104462**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92553

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   September 30, 2021

Owili K. Eison, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶   *Owili K. Eison*
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml